IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALAN PADILLA (#2020-0911106), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23 CV 15307 |
| | ) | |
| v. | ) | |
| | ) | Hon. Manish S. Shah |
| OFFICER BOCKNAK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $58.60 from his account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. Plaintiff may move forward on his complaint [1]. However, his claim concerning a mishandled grievance is dismissed on threshold review pursuant to 28 U.S.C. § 1915A. The Court directs the Clerk to: (1) terminate CRW Vanellis as a Defendant; (2) issue summonses for service of the complaint on Defendants Bocknak, Harris, and Hernandez; (3) mail Plaintiff three blank USM-285 (Marshals service) forms, filing instructions, and a copy of this order; and (4) forward copies of this order to the Court's Fiscal Department and to Plaintiff's trust account officer. Plaintiff must return the completed USM-285 forms by January 22, 2024. The Marshals Service will not attempt service without the completed forms, and if Plaintiff does not return the forms by the deadline, this case may be dismissed for want of prosecution and failure to comply with a court order. If Plaintiff moves, he must promptly submit a change-of-address notification. If Plaintiff fails to keep the Court informed of his address, this action will be subject to dismissal for failure to comply with a court order and for failure to prosecute.

## STATEMENT

Plaintiff Alan Padilla, a pretrial detainee in the custody of the Cook County Sheriff, brings this *pro se* civil rights action under to 42 U.S.C. § 1983. Plaintiff claims that correctional officers at the jail used unjustified force against him, and then denied his related grievance. This matter is before the Court for ruling on Plaintiff's application to proceed *in forma pauperis* and for initial screening of his complaint.

The Court finds that Plaintiff is unable to prepay the filing fee. The Court

accordingly grants Plaintiff's motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. §§ 1915(b), the Court authorizes and orders: (1) Plaintiff to immediately pay (and his custodial facility to automatically remit) $58.60 to the Clerk of Court for payment of the initial partial filing fee. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement must collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court in each calendar month in which the account balance exceeds $10 until the full $350 filing fee is paid. All payments should be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and must include Plaintiff's name and this case number. The Court instructs Plaintiff's trust fund officer to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full.

Under 28 U.S.C. § 1915A(b), the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Plaintiff Alan Padilla is a pretrial detainee at the Cook County Jail. Defendants Bocknak, Harris, and Hernandez are correctional officers at the jail. Defendant Vanellis is a social worker.

The Court gathers the following facts from the complaint and attached grievance: On June 12, 2023, jail officials frisked Plaintiff after he returned from the visiting room. When Plaintiff returned to his cell, he learned that it was being searched. As Plaintiff waited outside the cell for the officers to complete the shakedown, he noticed that all of his personal belongings were in disarray on the floor. His bedding was also crumpled on the floor. Plaintiff asked for a "bed cell," but his request was denied.

Plaintiff demanded to speak to a sergeant because he believed that his bedding had been contaminated from the floor. Plaintiff insisted that he should not be required to lie on a bed with dirty bedding. The investigators in the cell took Plaintiff's statement as a refusal to lock up in his cell. Consequently, Defendant Harris handcuffed Plaintiff in an aggressive manner, after which Defendant Bocknak threw him against the wall. Bocknak and other officers secured Plaintiff in his cell. Plaintiff's wrist was sprained, and he sustained cuts and bruises in the process.

Plaintiff's allegations, assumed true, state a plausible claim for relief under 42

U.S.C. § 1983. The Fourteenth Amendment governs claims by pretrial detainees suing over issues related to their confinement. *McGee v. Parsano*, 55 F.4th 563, 569 (7th Cir. 2022) (citations omitted). Claims brought by pretrial detainees under the Fourteenth Amendment are subject to an "objective unreasonableness" inquiry. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015); *Hardeman v. Curran*, 933 F.3d 816, 821-22 (7th Cir. 2019). To prevail on an excessive force claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Jackson v. Stubenvoll*, No. 16-CV-05746, 2022 WL 991950, at *3 (N.D. Ill. Mar. 31, 2022) (quoting *Kingsley* at 397). "A showing of 'objective reasonableness turns on the 'facts and circumstances of each particular case.'" *Jackson* at *3 (quoting Kingsley at 397).

Here, Plaintiff claims that Defendants roughed him up simply for protesting the manner in which the officers were conducting the shakedown. He implicitly denies that he was aggressive or threatening. He also maintains that the force used left him with a sprained wrist, among other minor injuries. Under these circumstances, Plaintiff may be entitled to relief. Accordingly, Defendants Harris, Bocknak, and Hernandez must respond to Plaintiff's allegations. Nothing in this order, which is based on review of the amended complaint without benefit of the adversarial process, precludes any legal argument that Defendants may advance in response to Plaintiff's allegations.

Plaintiff's claim that Defendant Vanellis mishandled his grievance—whether on purpose or inadvertently—is dismissed. There is no right, due process or otherwise, to a jail grievance system. *Courtney v. Devore*, 595 F. App'x 618, 620–21 (7th Cir. 2014) ("grievance procedures do not create substantive liberty interests protected by due process," and the "mishandling" of those grievances states no claim); *see also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Plaintiff has no cause of action against Vanellis for mismanaging his grievance concerning the use of force.

For the foregoing reasons, the Court grants Plaintiff leave to proceed on his excessive force claim, but dismisses his claim that a jail employee improperly resolved Plaintiff's ensuing grievance.

The Court appoints the U.S. Marshals Service to serve Defendants Bocknak, Harris, and Hernandez. The Court directs the Marshal to make all reasonable efforts to serve Defendants. If any Defendant can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections must furnish the Marshal with the Defendant's last-known address. The Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the Marshals Service.

Address information will not be maintained in the Court file nor disclosed by the Marshal, except as necessary to serve Defendants. The Court authorizes the Marshal to send Defendants requests for waiver of service consistent with Fed. R. Civ. P. 4(d) before attempting personal service.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Every document submitted by Plaintiff must include a certificate of service indicating the date on which Plaintiff gave the document to prison authorities for mailing/filing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff must promptly submit a change-of-address notification if he is transferred to another facility or released. If Plaintiff fails to keep the Court informed of his address, this action will be subject to dismissal for failure to comply with a court order and for failure to prosecute.

ENTER:

Date: December 18, 2023

                                           Manish S. Shah
                                           U.S. District Judge